IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|             ) | |
|       Plaintiff, ) | |
|             ) | |
| vs.          ) | Case No. 06-cr-40003-001-JPG |
|             ) | |
| CHAD S. TINGLEY, ) | |
|             ) | |
|       Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 168). Counsel Kuenneke entered her appearance for the sole purpose of determining whether Defendant Chad S. Tingley was eligible for application of the 2014 retroactive guideline amendment after the Defendant filed a Motion to Reduce Sentence (Doc. 163). The Defendant and the Government were provided a copy of the motion and both parties filed a response. (Doc. 170 & 171).

On October 30, 2006, Defendant plead guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; maintaining a residence for the purpose of manufacturing methamphetamine; felon in possession of a firearm; possession of stolen firearms; possession of a unregistered short barreled firearm; and use of a firearm during a drug trafficking crime.

At sentencing, the Court determined that the Defendant's total offense level was 29 pursuant to U.S.S. G. § 2K2(b)(1)(B)[1] – base offense of 44 plus a four-level increase due to least eight firearms being involved and a two-level increase pursuant to U.S.S. G. § 2K2(b)(4) because one or more of the firearms were stolen and another four-level increase pursuant to U.S.S. G. §

---

[1] 2006 edition of the Guidelines Manual.

2K2(b)(5) for possession or use of a firearm in connection with another felony offense minus three for acceptance of responsibility – with a criminal history category of V.  Guideline range for imprisonment on Counts 1 and 2 was 140 – 175 months; Counts 3, 5, and 8 was 120 months, and Count 11, a mandatory 120 months consecutive to any other term of imprisonment.

The Court sentenced the Defendant to 140 months on Counts 1 and 2 and 120 months on Counts 3, 5, 8 and 11 – all counts to run consecutive to all other counts.  The Defendant argues in his motion for reduction (Doc. 163) and his response (Doc. 170) to Counsel's Motion to Withdraw, that he is entitled to a reduction of the 120 months with regard to Counts 1 and 2 as those counts involved drugs.  The Court also notes that Defendant's response states that, "it would be best, for all parties concerned, if Counsel, Attorney Judith A. Kuenneke, were to withdraw."

The Defendant also requests that the Court, "rule on his Motion for Reduction of Sentence, based solely on the Motion itself, with no regard to Counsel's opinion."  (Doc. 170). The Court has reviewed plaintiff's Motion for Reduction (Doc. 163) and has also considered Counsel's Motion to Withdraw and the Government's Response thereto (Doc. 171). Mainly, the Court has considered Amendment 782 and whether it is applicable to the Defendant.

Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based the higher firearm guidelines of 2K2.1 and not the base offense level set forth in U.S.S.G. § 2D1.1. Thus, his offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See, United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Assistance Federal Public Defender Judith A. Kuenneke entered her appearance for the sole purpose of reviewing Defendant's case for retroactive application for reduction. Having determined that Amendment 782 is not applicable to the Defendant, Counsel Kuenneke nows moves to withdraw her appearance.

Based on the above, Assistance Federal Public Defender Judith A. Kuenneke's Motion to Withdraw (Doc. 168) is **GRANTED** and Defendant's Motion to Reduce Sentence (Doc. 163) is **DENIED**. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Defendant.

**IT IS SO ORDERED.**

**DATED:** 8/20/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**